We are now going to hear in regarding Navient Solutions. Mr. Rosen, am I correct that you preserved three minutes for rebuttal? Yes, Your Honor. You may begin. May it please the Court, good morning. My name is Gene Rosen. I'm of counsel to Smith Law Group, which represents the appellants in this case. The bankruptcy court's merits determinations and its award of attorney's fees should be reversed. Can you bring your mic a little closer to you? I'm having a hard time hearing you. Yes, is this better? Yes. I'll just leave it if that helps. You can also raise it. You don't need to be, and your desk, too. You don't need to make yourself uncomfortable. How's this? Perfect, thank you. Great. Once the bankruptcy court abstained under 11 U.S.C. 305, there wasn't any jurisdiction to make a merits determination or award attorney's fees under 11 U.S.C. 303. Now, this court has previously considered a similar situation in Henry T.P.G. Troy, but there are two key points that distinguish that case from this case. The first point is that in that case, the appellant was claiming that the circuit court lacked the ability to, lacked the jurisdiction to hear the appeal. And the second point is that in that case, the circuit court, this court, analogized 28 U.S.C. 1447. And in that statute, that specific language of that statute provides both that there is no right of appeal and also that attorney's fees may be awarded. In this case, 305 only provides that there's no right of appeal. It's a different provision altogether, 303, that provides that attorney's fees can be awarded. So based on these distinctions and based on the plain language of the statute, the bankruptcy court lacked jurisdiction to make the merits determinations and to make an award of legal fees. And I believe that this jurisdictional issue transcends all the other issues in this appeal. And as to those issues, I would rest on the briefs. You don't think the court can say, I think I should abstain, but even if I'm wrong about that, I can go further? Well, the express language of 305 provides that there's no further jurisdiction. But that's to us, right? The district court still has it. And I'm wondering if that makes this belt and suspenders approach logical. Well, I believe that Congress would have intended that there was additional jurisdiction. They would have put in a provision for the award of legal fees in 305 itself, as opposed to 303. OK, if we read Troy differently than you do, if we read Troy as to allow an alternate holding and still being able to assess attorney's fees and the like, is there a way that you can prevail? If you're, I'm sorry, can you please repeat that? If we read Troy differently than you, if we read Troy to say that we upheld an award of attorney's fees pursuant to 303, when it was discussed alongside an issue of abstention dismissal, is there a way that you can still prevail? Well, I would think that under 305, we don't reach that issue. There's an extension, and we don't reach any of the other issues. So you're not going to argue anything other than what you've just said, is that it? Yes. You stand or fall on that issue? I rest on the briefs as to the other issues. But as to the jurisdictional issue, that's where I stand. Well, you know that part of the issue beyond that is that you didn't plead that Navient wasn't generally paying its debts. And the question is whether that's forfeited. You're not going to address that at all? No, I'm not forfeiting that issue. That issue was addressed in the briefs. It's addressed in the reply, isn't it? Yes, I believe it is. What's our rulings are that we don't have to consider if issues raised in reply are deemed forfeited? Do you want to help us out on why that shouldn't be the case for your client? Certainly. The official forms were used. I'm sorry, the official what? The official forms were used. What official forms? The official bankruptcy form was used in the filing. You mean till I'm talking now about whether this issue is forfeited before this court? Well, when you say this issue. Whether or not you sufficiently pleaded that Navient was generally not paying its debts. That issue, we're not forfeiting that issue. OK. You may have by failing to raise it until your reply brief. That's what I'm asking you. I understand, but our position is it would not be forfeited. OK, thank you. Any other questions? If not, then thank you. Can you please, Mr. Hicks, can you let us know how you think we should be reading TBG Shore? Yes, Your Honor. I think you should read TBG, Judge Pooler's decision in TBG Troy as clearly allowing or clearly recognizing that a bankruptcy court can dismiss both under 303 and 305, but that does not eliminate the bankruptcy court's jurisdiction to make a determination under 303. This court in TBG Troy went on to address the exact merits determination. Now, it was in the context of the fee award, but it was the determination that is made under 303, which is whether there is the absence of a bona fide dispute. So I don't think that you can reconcile Judge Pooler's decision for this court in TBG Troy with the theory that if in the alternative and subsequent to its 303 dismissal, which is what we have here, it's not the case, as my friend said in the brief, that there was a 305 dismissal and then also a 303 determination. The 303 determination came first, and then in the alternative, subsequently, was a 305 dismissal, again, sort of a belt and suspenders approach. I know I introduced the belt and suspenders, but we usually do it the other way. So why isn't the merits the suspenders, as opposed to the belt? Well, Your Honor, I think that it can be done the other way, and I think that's what the Sinokin case says, is that a court can dismiss on, in that case, forum nonconvenience without even getting into the merits or even determining whether it has jurisdiction. But the converse isn't true such that if a court does that, then it necessarily didn't or doesn't have jurisdiction to make any merits determinations. Sinokin doesn't hold that. Steele Co. doesn't hold that. And I think it's particularly inapposite in the Section 305 context, because that provision actually says that the dismissal can occur, quote, at any time. So it doesn't even contemplate that it has to be a threshold issue or something that's decided at the outset. And I think even in the forum nonconvenience context, forum nonconvenience doesn't eliminate merits determinations that can be decided well into the case, for example, a Third Circuit decision of Loney v. DuPont. I'm sorry, did you say the Third Circuit? I did, because I'm just looking. An example of a case where, I think there are many, but this is one where it was addressed, where forum nonconvenience can be decided well into the merits. But I think it's changed. If I could switch gears, this case is not asking us to decide whether or not attorney's fees can be awarded on the abstention argument. That's not the record below. That's not where the attorney's fees were awarded. That's not what you're asking us now. Yes, that issue is not in this case. The attorney's fees issue, which has been challenged, and we responded to it in our response, and I believe that also was simply not addressed in the reply brief. So we will stand on our briefing on that. But I do want to give you one site that I think is useful for this. This court has said in United States v. Hernandez, 2021 Westlaw 5286653, and that's citing some published decisions by this court that says that issues or arguments that are not addressed in a reply brief are rejected. And the fee award was not addressed at all in the reply brief. So we'll stand on our briefing on that. Just some other points about the 303, 305 issue that is the only one that has come up so far. My friend in the reply brief argues that this Lynch case from the Sixth Circuit is, quote, on all fours with this case. That's not true. What happened in Lynch was that the court of appeals simply found that the plaintiff had no standing whatsoever in the district court. And of course, then the district court completely lacked jurisdiction from the outset, and so couldn't enter, have any power to do anything. That's obviously not the case here. Frankly, I think that the use of TPG Troy here, TPG Troy essentially foreclosed what I think the appellants are trying to do in another guise. We anticipated in our response brief that this might all be sort of an attempt to, at the very least, get the fee award vacated in a way that TPG Troy didn't permit. And they essentially confirmed that in their reply brief. And I don't think there's any way that you can read TPG Troy consistent with the idea that the bankruptcy court simply lost jurisdiction to make any merits determination under 303, because that's exactly what this court reviewed in TPG Troy. I will just very briefly address the pleading question, although it didn't come up too much, Your Honor. It isn't addressed in the briefing. I misspoke. I mean, it's not in the reply brief. It's in a footnote in the main brief that the suggestion is that you can only consider the adequacy of a pleading about indebtedness at trial. But that's not what they pleaded, is it? They pleaded insolvency. Well, on that second component, yes, they only pleaded insolvency, which is a separate question entirely. But the whole thing is separate from the other elements of a 303, which isn't even in the sort of at trial, which is the absence of a bona fide dispute. And I don't think there's any way you can read this court's decisions in TPG Troy, the BDC case, the Bayshore case. All of these decisions applied this court's case law that says there's a burden shifting framework. At the outset, TPG considered, took judicial notice of other litigation, as well as a factual showing by the alleged debtor there in determining that there was a bona fide dispute. BDC looked at, quote, documentary evidence. And so I think when you put all that here, and I don't read the appellants really to be disputing any of the actual sort of merits determinations of the bona fide dispute. And I don't think you really could do that based on TPG or BDC. And if there are no further questions, I'll yield my time. Thank you. Mr. Rosen, you reserve three minutes. I just want to provide one quote from Lynch, which states that, unless the statute under which a party seeks attorney's fees contains an independent grant of jurisdiction, an appellate court must vacate an award of attorney's fees  over the litigation. So again, once the bankruptcy court abstained, there was a lack of jurisdiction. And the award of attorney's fees should not have been made. With that, if there are any questions. OK. I think we're good. Thank you. We'll take it under advisement. Thank you. Thank you. Thank you so much. So Mr. Davies? Yes. Am I pronouncing it correctly? You and you reserve two minutes. Correct.